IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03053-BNB


EARL J. CROWNHART,

      Applicant,

v.

JOHN W. SUTHERS, The Attorney General of the State of Colorado,

      Respondent.

---

ORDER TO FILE A PRE-ANSWER/PRELIMINARY RESPONSE

---

      Applicant, Earl J. Crownhart, is held at the Colorado Mental Health Institute in Pueblo, Colorado.  Mr. Crownhart initiated this action by filing a pleading titled, "Title 16 Article 4 Part 2 Release of Bail From Bond" on November 19, 2012.  In the pleading, Mr. Crownhart asked this Court to order his release based on his own personal recognizance or on bail.  Magistrate Judge Boyd N. Boland reviewed the pleading and instructed Mr. Crownhart to file his claims on a proper Court-approved form used in filing 28 U.S.C. § 2241 actions.  Subsequently, Mr. Crownhart filed several documents and additional pleadings.  None of the filings were submitted on a Court-approved form.  Not until December 26, 2012, did he file his claims on a Court-approved form used in filing a 28 U.S.C. § 2241 action.  Then, however, on January 14, 2013, Mr. Crownhart filed his claims on Court-approved form used in filing 28 U.S.C. § 2254 actions.

      A review of all the pleadings Mr. Crownhart has submitted to the Court indicates he is challenging the Colorado Department of Human Services' petition for long-term

care and treatment under Colo. Rev. Stat. § 27-65-109.  ECF No. 18.  The Department

of Human Services entered the petition in the Pueblo Combined Court on December 20,

2012.  *Id.*  Applicant has been under short-term treatment at the Mental Health Institute

since July 22, 2012.  *Id.*

As part of the preliminary consideration of the Application in this case, the Court

has determined that a limited Response is appropriate.  The procedural basis for Mr.

Crownhart's current placement at the Mental Health Institute is not clear.  Respondent is

directed to brief this issue.

Respondent also is directed pursuant to Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts to address the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies that

apply to either § 2254 actions or § 2241 actions.  If Respondent does not intend to raise

either of these affirmative defenses, Respondent must notify the Court of that decision

in the Response.  Respondent may not file a dispositive motion as a Preliminary or Pre-

Answer Response, or an Answer, or otherwise address the merits of the claims in

response to this Order.

In support of the Response, Respondent should attach as exhibits all relevant

portions of the state court record, including but not limited to copies of all documents

demonstrating whether this action is filed in a timely manner and/or whether Mr.

Crownhart has exhausted state court remedies.

Mr. Crownhart may reply to the Response and provide any information that might

be relevant to the classification of this action and the one-year limitation period under 28

U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Mr. Crownhart also

2

should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely habeas action in this Court as is necessary in response to Respondent's briefing regarding the classification of this action.

The Court also notes that Mr. Crownhart names as a respondent the medical doctor overseeing his care and treatment at the Mental Health Institute.  Because the law is well-established that the only proper respondent to a habeas corpus action is the habeas applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts, and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), the caption of this Order does not list Dr. Arif Kamram.  Accordingly, it is

ORDERED that the only properly named Respondent for the purpose of service at this time is John W. Suthers, The Attorney General of the State of Colorado.  It is

FURTHER ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Pre-Answer or Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Response.  It is

FURTHER ORDERED that "Rule 21. Motion to the Courts," ECF No. 8, is denied as inappropriate.

Dated:  January 23, 2013

BY THE COURT:

 s/Boyd N. Boland
United States Magistrate Judge