IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03053-BNB

EARL J. CROWNHART,

    Applicant,

v.

JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondent.

ORDER OF DISMISSAL

I.  Background

At the time Applicant, Earl J. Crownhart, filed this action he was held at the Colorado Mental Health Institute (CMHIP) in Pueblo, Colorado.  Mr. Crownhart initiated this action by filing a pleading titled, "Title 16 Article 4 Part 2 Release of Bail From Bond" on November 19, 2012.  In the pleading, Mr. Crownhart asked this Court to order his release based on his personal recognizance or on bail.  Magistrate Judge Boyd N. Boland reviewed the pleading and instructed Mr. Crownhart to file his claims on a proper Court-approved form used in filing 28 U.S.C. § 2241 actions.  Subsequently, Mr. Crownhart filed several documents and additional pleadings.  None of the filings were submitted on a Court-approved form.  Finally, on December 26, 2012, Mr. Crownhart filed his claims on a Court-approved form used in filing a 28 U.S.C. § 2241 action.  Subsequently, on January 14, 2013, Mr. Crownhart filed his claims on the Court-

approved form used in filing 28 U.S.C. § 2254 actions.

The Court has reviewed all of Mr. Crownhart's pleadings and has determined that he is challenging the Colorado Department of Human Services' (CDHS's) petition for long-term care and treatment under Colo. Rev. Stat. § 27-65-109. ECF No. 18. The CDHS entered the petition in the Pueblo Combined Court on December 20, 2012. *Id.* Applicant had been under short-term treatment at Colorado Mental Health Institute at Pueblo (CMHIP) since July 22, 2012. *Id.*

As part of the preliminary consideration of the Application in this case, Magistrate Judge Boyd N. Boland entered an order instructing Respondent to file a Preliminary Response and address the affirmative defense of exhaustion of state-court remedies that are available to challenge Mr. Crownhart's placement at the CMHIP. Respondent further was directed to discuss the procedural basis for Mr. Crownhart's placement at the CMHIP. On March 22, 2013, Respondent filed a Preliminary Response. Mr. Crownhart filed several documents after the Preliminary Response was received, but they do not address the Response.

One of the documents is a Guardian's Report required by Colorado law to be completed annually by the guardian of an adult. ECF No. 52. The Guardian Report is completed by a family member. The second filing contains several state court filings and orders regarding Mr. Crownhart's current placement at the Grand Junction Regional Center, including: (1) a letter from the CDHS regarding a legal disability hearing; and (2) documents prepared by staff at the CMHIP and the Grand Junction Regional Center regarding his release from the CMHIP and new at the regional center. *See* ECF No. 54. Mr. Crownhart also filed a Notice of Change of Address on April 15, 2013.

The procedural history of Mr. Crownhart's current placement is as follows. In October 1999, Mr. Crownhart was charged with one count of felony menacing-real/simulated weapon (F5) and one count of criminal mischief (M1) in Colorado State Case No. 2009CR1445. Preliminary Resp., ECF No. 51-1, Attach. 1 at 2. Because of his mental health issues, an order for an inpatient competency evaluation was entered pursuant to defense counsel's request in November 2009. *Id.* Mr. Crownhart was admitted to the CMHIP and an evaluation was conducted in January 2010. *Id.* at 2-3. On February 11, 2010, the court found Mr. Crownhart incompetent to proceed with his criminal case and ordered him placed at the CMHIP until he was found competent. *Id.*, ECF No. 51-3, Attach. 2. From May 5, 2010, until June 19, 2012, CMHIP submitted at least ten reports regarding Mr. Crownhart's competence. *Id.*, Attach 1 at 3-10. In each report, the CMHIP asserted that Mr. Crownhart was not competent to proceed, and the court agreed. *Id.* Finally, on August 3, 2012, the court granted Mr. Crownhart's motion to terminate the criminal proceedings against him and authorized civil proceedings to commence pursuant to Colo. Rev. Stat. §§ 27-65-101-131. *Id.* at 10.

During Mr. Crownhart's commitment pending his criminal case, he refused to take his medications, and a petition for review of his refusal of treatment was filed in the Pueblo County District Court, in Case No. 2010MH33. Preliminary Resp., ECF No. 51-6, Attach. 6. The court entered an order permitting involuntary medication of Mr. Crownhart on February 8, 2010. *Id.* at 1. Mr. Crownhart continued to refuse the medication regime recommended for his mental health diagnosis, and consequently, six additional orders for involuntary medication were entered between August 16, 2010, and November 26, 2012. *Id.* at 1-6.

3

Also, subsequent to the termination of Mr. Crownhart's criminal case, a civil proceeding was initiated in the Mesa County District Court, Case No. 2012MH372, to civilly commit Mr. Crownhart to CMHIP pursuant to a short-term certification. Preliminary Resp. at 6. On August 13, 2012, venue for the Mesa County mental health issue was transferred to the Pueblo County District Court in Case No. 2010MH33. *Id.* Attach. 6 at 4. Pursuant to Colo. Rev. Stat. §§ 27-65-109(1) and 27-65-107 and 108, whenever a person has received short-term treatment for five consecutive months, a petition for long-term care and treatment may be filed. Preliminary Resp. at 7. A petition for long-term care was filed on December 19, 2012. *See* Attach. 6 at 7. On January 22, 2013, the Court committed Mr. Crownhart to the CDHS and entered another administration of involuntary medications. *Id.* at 9.

Based on materials Mr. Crownhart filed subsequent to the Preliminary Response, the Court finds that he was discharged from the CMHIP on April 8, 2013, and referred to the Grand Junction Regional Center in Grand Junction, Colorado. ECF No. 54 at 9-11. At the suggestion of the CDHS, the Mesa County attorney filed a petition for imposition of legal disability and deprivation of legal right with the Mesa County District Court on April 16, 2013, in Case No. 13MH207. ECF No. 54 at 6-8. On April 19, 2013, the court entered an order of temporary custody and evaluation pending a hearing on April 24, 2013. *Id.* at 4-5.

For the reasons stated below, the Court will deny the Application in part as moot with respect to his placement at the CMHIP and in part for failure to exhaust state court remedies regarding his current placement at the Grand Junction Regional Center and involuntary medication.

II. Analysis

The Court must liberally construe Mr. Crownhart's Application because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

A person confined pursuant to the judgment of a state court may challenge the fact or duration of his civil confinement by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (nothing in the provisions of 28 U.S.C. § 2244 requires a state court judgment of confinement to be for a criminal conviction; federal habeas corpus relief is available to challenge a civil commitment).

Regardless of the statutory authority for his habeas corpus claim, Mr. Crownhart is required to exhaust state remedies before he may pursue his federal constitutional claims in a habeas corpus action in this Court whether the action is asserted pursuant to § 2241 or § 2254. See 28 U.S.C. § 2254(b)(1); *Montez v. McKenna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to

the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondent asserts that under Colorado law Mr. Crownhart has two avenues to challenge his civil commitment or involuntary medication, but he has failed to exhaust either of these two procedures. Preliminary Resp. at 8. First, a person committed by the CDHS is entitled, under Colo. Rev. Stat. § 27-65-113, to "an order in the nature of habeas corpus upon proper petition to any court generally empowered to issue orders in the nature of habeas corpus." Respondent further asserts that the Colorado Supreme Court (CSC) has initial jurisdiction over writs of habeas corpus challenging the

application of state statutes, which includes challenges to care and treatment of mental health patients pursuant to state statutes. Preliminary Resp. at 10. Second, according to Respondent, Mr. Crownhart may exhaust his state court appeal rights pursuant to Colo. App. R. 51.

As for Mr. Crownhart's civil commitment, Respondent states that he has reviewed the Register of Actions for the CSC and found three separate actions involving Mr. Crownhart, but the actions either were filed prior to the civil commitment at issue or involved a criminal matter. *See* Preliminary Resp., at 11-12 and ECF Nos. 7-10. Respondents conclude that Mr. Crownhart has failed to exhaust his state court habeas remedies with respect to his commitment at CMHIP under § 27-65-113.

However, because Mr. Crownhart, as of April 8, 2013, no longer is placed at the CMHIP, and a new proceeding, Case No. 13MH207, has been initiated to determine whether Mr. Crownhart should be detained at the Grand Junction Regional Center, the Court finds a challenge of his placement at the CMHIP and desire to be released from that placement now is moot.

Even if the Court were to consider a challenge to Mr. Crownhart's current placement at the Grand Junction Regional Center, he has failed to exhaust his state court remedies and the challenge would be subject to dismissal. As stated above, a petition for imposition of legal disability and deprivation of legal right was filed in the Mesa County District Court on April 16, 2013, in Case No. 2013MH207. A hearing was scheduled for April 24, 2013, and Mr. Crownhart was ordered held at the Grand Junction Regional Center pending the hearing.

Mr. Crownhart has not stated or provided documentation that a hearing actually

was held on April 24, and if it was held that he now has appealed the results of the hearing under either § 27-65-113 or his state court appeal rights under Colo. App. R. 51, and has been denied relief. Although Mr. Crownhart submitted a copy of an order that indicates that on April 29, 2013, the Mesa County District Court certified the record on appeal in Case No. 2012CA2660, *see* ECF No. 55 at 1, there is no indication that the appeal pertains to Case No. 2013MH207. Furthermore, a certification of a record on appeal does not equate to exhaustion of state court remedies. Finally, the short amount of time between April 24, 2013, and the filing of this Order does not support a finding that Mr. Crownhart has been able to exhaust his state court remedies with respect to his current placement. Therefore, any challenge to Mr. Crownhart's current placement would be unexhausted.

Respondent further asserts that Mr. Crownhart has failed to exhaust his state court appeal rights regarding the involuntary medication, because he failed to present his claims through one complete round of the State's established appellate review process. Mr. Crownhart's appointed counsel, in Case No. 2010MH33, appealed the district court's order of involuntary medication. The Colorado Court of Appeals entered a final ruling on March 21, 2013, in Case No. 2012CA2560, upholding the district court's ordering of involuntary medication for Mr. Crownhart in Case No. 2010MH33. *See* ECF No. 30 at 2-16. Respondent concludes that because Mr. Crownhart has not petitioned for certiorari review to the CSC, as required under Colo. R. App. P. 51, he has not exhausted his state court remedies regarding the involuntary medication.

For the following reasons, the Court finds no need to address Respondent's Colo. App. R. 51 exhaustion argument. The January 22, 2013 order entered by the

8

Pueblo County District Court in Case No. 2010MH33 entitles Mr. Crownhart to seek a new determination for involuntary medication each time the court holds a hearing to address an extension of an original order for commitment.  See ECF No. 54 at 24.  Because Case No. 2013MH207 (current case in Mesa County District Court) addresses the need to extend Mr. Crownhart's commitment, he is entitled to a new determination regarding the involuntary medication.  Because Case No. 2013MH207 clearly is unexhausted, any involuntary medication claim to be determined in conjunction with the commitment hearing in Case No. 2013MH207 also is unexhausted.

Based on the above findings, the Application will be dismissed and the claims denied as either moot or for failure to exhaust state court remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Crownhart files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

III.  Conclusion

Based on the above findings, it is

ORDERED that the claims are denied and the Application is dismissed in part as moot with respect to Mr. Crownhart's placement at the CMHIP and in part without prejudice with respect to Mr. Crownhart's current placement and involuntary medication at the Grand Junction Regional Center.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Crownhart has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that the Request to file a new application in this case, ECF No. 56, is denied as improperly filed in this action.

DATED at Denver, Colorado, this   21st   day of      May         , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court